KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority opinion, except for its treatment of Issue 1, Spisak’s insanity defense. I believe that the trial court’s exclusion of expert testimony and evidence regarding Spisak’s insanity defense and the trial court’s refusal to submit the insanity defense to the jury violated Spisak’s rights to a fair trial and to present a complete defense, rights long recognized by the Supreme Court. Therefore I would remand this case to the district court with instructions to grant a conditional writ of habeas corpus, giving the State of Ohio 180 days to retry Spisak or release him from custody.
Spisak claims that he was legally insane because of a severe personality disorder (which manifested itself with the bizarre and seemingly inconsistent beliefs and behaviors including racial and ethnic hatred and sexual deviance) and that he was entitled to present evidence of his insanity cumulatively, rather than needing to produce a singular expert who could testify to both prongs of the Ohio insanity standard.
In order to succeed on his affirmative insanity defense, Spisak needed to “establish by a preponderance of the evidence that disease or other defect of his mind had so impaired his reason that, at the time of the criminal act with which he is charged, either he did not know that such act was wrong or he did not have the ability to refrain from doing that act.” State v. Staten, 18 Ohio St.2d 13, 247 N.E.2d 293, 299 (1969) (footnote omitted). When insanity is pleaded as a defense, and the evidence is such that “reasonable minds may reach different conclusions upon the question of insanity, such question of fact is for the jury.” State v. Gaines, 40 Ohio App.2d 224, 318 N.E.2d 857, 864 (1974) (internal quotation marks omitted). “If, however, after giving the evidence the most favorable interpretation in favor of the defendant, reasonable minds can come to but one conclusion and that conclusion [is] adverse to defendant, it is the court’s duty to rule on the issue as a matter of law.” Id. (internal quotation marks omitted).
Spisak argues that “although none of the defense experts were prepared to specifically conclude that Spisak was legally insane, their testimony was being presented as relevant and material to specific elements of the insanity defense, from which the defense thereby hoped to meet the burden of proof supporting an insanity defense.” [1] Appellant Br. at 20. Spisak is correct that cumulatively, his psychiatric experts did provide support for the necessary insanity elements. In his report on the issue of sanity at the time of the act, Dr. Bertschinger stated that it was his opinion that “Mr. Spisak’s personality deficits are of such severity that he can be considered to have a mental illness or mental disease.” J.A. at 3217 (Bertschinger Rep. at 2). Dr. Markey’s report and proffered testimony supported Spisak’s claim that he was unable to refrain from committing the criminal acts. J.A. at 3192 (Markey Rep. at 3) (“I believe Spisak is in *717 a latent psychosis (grandiose, paranoid, lacking in finer feelings, etc.) and that he was unable to control his impulses to assault, though he was at the time, aware of it’s being socially wrong.”); J.A. at 2082 (“I would say that [Spisak] was aware [that his actions broke the law], and he was unable to change his actions even though he knew that he was doing something that was against the law.”); J.A. at 2083 (agreeing that Spisak’s personality disorder was of such gravity that he would not be able to conform his conduct to the requirements of the law). Markey wavered on cross examination on his opinion that Spisak could not control his actions, but then on redirect restated that he believed Spisak was unable to control his impulse to assault. J.A. at 2093-97 (Trial Tr. at 1992-96).
Under the Gaines standard above, when giving Spisak’s expert evidence the interpretation most favorable to Spisak, I conclude that reasonable minds could reach different conclusions about his sanity. Therefore, the issue of Spisak’s insanity should have been submitted to the jury to allow it to consider his insanity defense. See Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988) (“As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.”). I also believe that Spisak’s argument that the Supreme Court of Ohio’s perfunctory dismissal of this claim was an unreasonable application of federal constitutional law has merit. The Supreme Court has recognized the essential nature of expert testimony in presenting an insanity defense, holding that due process requires that indigent defendants be afforded the assistance of a psychiatrist in preparing a defense. Ake v. Oklahoma, 470 U.S. 68, 81, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) (stating that “the testimony of psychiatrists can be crucial and ‘a virtual necessity if an insanity plea is to have any chance of success.’ ”) (footnote omitted). Furthermore, while most violations of state law are not sufficient to justify habe-as relief, “[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief.” Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.2003). Adverse evidentiary rulings by state courts do not harm a defendant’s due process rights unless they “offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.” Montana v. Egelhoff, 518 U.S. 37, 43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) (internal quotation marks omitted). The Supreme Court has repeatedly held, however, that a criminal defendant’s right to present a defense, including presenting witnesses on his behalf, is a fundamental right. See Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (“Just as an accused has the right to confront the prosecution’s witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.”) (emphasis added); California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) (“We have long interpreted this standard of [fundamental] fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense.”) (emphasis added); Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (“Few rights are more fundamental than that of an accused to present witnesses in his own defense.”). In this case, Spisak argues he was unable to present expert evidence about his significant mental health problems, thereby limiting his fundamental right to present a complete defense.
*718 In addition, clearly established Supreme Court precedent holds that a state violates a defendant’s right to a fair trial when it prevents him from introducing evidence essential to his defense. Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (concluding that the state court’s refusal to allow the defendant to introduce testimony regarding the circumstances in which he confessed to the police deprived him of a fair trial); Chambers, 410 U.S. at 302, 93 S.Ct. 1038 (holding that the state court’s exclusion of evidence critical to defendant’s defense, coupled with the refusal of the state to let the defendant cross examine a witness, denied him due process). In Chambers, the defendant argued that the state court violated his constitutional rights when it rejected potentially exculpatory witness testimony because it was hearsay not meeting any recognized exceptions. The Chambers Court acknowledged the need for defendants wishing to present evidence to comply with a state’s “established rules of procedure and evidence,” and stated that “perhaps no rule of evidence has been more respected or more frequently applied in jury trials” than the hearsay rule. Id. at 302, 93 S.Ct. 1038. Nevertheless, because the evidence proffered by the defense “bore persuasive assurances of trustworthiness” and “also was critical to [the defendant’s] defense,” the Court concluded that the defendant’s constitutional rights required its admission. Id. The Court stated, “[i]n these circumstances, where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.” Id.
In Crane, the Supreme Court also held that state evidentiary rules must sometimes give way to a defendant’s constitutional rights. The Court stated that a defendant’s constitutional right to be heard “is an empty one if the State were permitted to exclude competent, reliable evidence ... when such evidence is central to the defendant’s claim of innocence.” Crane, 476 U.S. at 690, 106 S.Ct. 2142. The Crane Court recognized the traditional respect afforded to the states in determining their own criminal trial procedures and rules. Notwithstanding the Court’s “traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts,” the Court held, “we have little trouble concluding on the facts of this case that the blanket exclusion of the proffered testimony about the circumstances of petitioner’s confession deprived him of a fair trial.” Id. at 689-90, 106 S.Ct. 2142 (emphasis added). The Court stated, the “[petitioner's entire defense was that there was no physical evidence to link him to the crime and that, for a variety of reasons, his earlier admission of guilt was not to be believed.” Id. at 691, 106 S.Ct. 2142 (emphasis added). The Court noted that it was not passing judgment “on the strength or merits of that defense,” but that it thought “it plain that introducing evidence of the physical circumstances that yielded the confession was all but indispensable to any chance of [the defense] succeeding.” Id. (emphasis added).
Here, Spisak’s expert evidence (including Markey’s testimony and the reports prepared by Bertschinger and the other experts) was as integral to Spisak’s entire defense as was the hearsay evidence in Chambers and the confession evidence in Crane. Here the trial court mechanistically applied the evidentiary relevancy standard, resulting in the “blanket exclusion of the proffered testimony” of experts relating to his mental health. Crane, 476 U.S. at 690, 106 S.Ct. 2142. Spisak’s “entire defense” was that he was legally insane and therefore did not possess the culpability necessary to commit the murders, and it is “plain” that his ability to intro *719 duce expert evidence of his mental problems was “indispensable” if his insanity-defense was going to have any chance of succeeding. Id. at 691, 106 S.Ct. 2142. The proffered expert evidence also appeal's to meet the levels of reliability that the Court demanded in Chambers and Crane. Spisak’s expert testimony came from “competent, reliable” psychiatric and psychological experts repeatedly relied upon by the Ohio courts, Crane, 476 U.S. at 690, 106 S.Ct. 2142, and it “bore persuasive assurances of trustworthiness.” Chambers, 410 U.S. at 302, 93 S.Ct. 1038. The evidence would have been subject to cross examination by prosecutors, allowing them ample opportunity to point out the numerous conclusions contrary to Spisak’s insanity defense. Yet without this evidence, the question of Spisak’s sanity never even reached the jury. In light of these Supreme Court precedents holding that a defendant must be allowed to present evidence critical to his defense, I would conclude that the Supreme Court of Ohio’s summary rejection of Spisak’s claim was an unreasonable application of clearly established Supreme Court precedent. I would remand this case to the district court with instructions to grant a conditional writ of habeas corpus, giving the State of Ohio 180 days to retry Spisak or release him from custody.

. I have been unable to find any Ohio cases that address this cumulative approach to establishing an insanity defense. It appears that the Ohio courts have neither recognized nor rejected this method of meeting the defendant's evidentiary burden.